675 So.2d 292 (1996)
Rodney REVERE
v.
Walter REED.
No. 95 CA 1913.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*294 Rodney Revere, Angola, in pro. per.
Joseph Tosterud, Covington, for Defendant/Appellee.
Before LeBLANC, WHIPPLE and FOGG, JJ.
LeBLANC, Judge.
This appeal arises from an application for a writ of mandamus pursuant to the Public Records Act, which was granted in part and denied in part by the trial court. We affirm.
Appellant, Rodney Revere, is an inmate incarcerated at Angola. In State v. Revere, 572 So.2d 117 (La.App. 1st Cir.1990), writ denied, 581 So.2d 703 (1991), this Court affirmed his conviction for the second-degree murder of his estranged wife, Jean Revere.
On March 13, 1995, appellant filed a pleading entitled "PETITION FOR COMPLIANCE WITH LSA RS 44:1 WITH SANCTIONS" naming Walter Reed, the District Attorney of St. Tammany Parish, as defendant.[1] In his petition, appellant alleged the District Attorney failed to comply with the Public Records Act, La.R.S. 44:1 et seq., in the following two respects: (1) in refusing to provide appellant with the names of the witnesses who appeared before the grand jury in his criminal case[2]; and (2) in failing to respond to appellant's request that a certain photographer be allowed access to several photographs involved in appellant's case for the purpose of making color enlargements.
The record establishes the following facts. With respect to appellant's request for the names of grand jury witnesses, the District Attorney responded by letter that he did not believe appellant was entitled to the information requested. The letter further stated that the District Attorney was not the custodian of the requested records, which "belong to the Clerk of Court."
In response to appellant's original request for copies of the photographs, the District Attorney provided appellant with xerox copies. Thereafter, appellant wrote a letter to the District Attorney acknowledging receipt of the xerox copies, but stating he wished to have color enlargements made of the photographs. The letter requested that a photographer designated by appellant be allowed access to the photographs for that purpose. The District Attorney did not respond to this request.
At the hearing on this matter, Joseph Tosterud, the assistant district attorney appearing for defendant, indicated he had no objection to the photographer designated by appellant having access to the photographs. He further indicated he was responsible for handling public record requests and that he did not respond to appellant's second request regarding the photographs because he had not received it (he had no knowledge as to whether it had been received by the District Attorney's office). Mr. Tosterud stated that, once he was aware of the request, he called the photographer named by appellant and indicated he had no problem with the photographer coming to the office and selecting the photographs he wanted.
*295 The trial court rendered judgment granting appellant's request with regard to access to the photographs, but denying his request for the names of the grand jury witnesses. The trial court declined to award appellant sanctions and/or costs, because it did not find the District Attorney arbitrarily or capriciously withheld records or failed to respond to appellant's request. Rodney Revere appealed, assigning error as to the denial of his request for the names of the grand jury witnesses and the trial court's failure to award damages and/or costs.
On appeal appellant argues the trial court erred: (1) in shifting the burden of proof to him where defendant presented no evidence or sworn testimony to refute appellant's claim that defendant failed to comply with La.R.S. 44:1 et seq.; and (2) in failing to award plaintiff actual costs and damages when there was clear noncompliance with the law by defendant.

ANALYSIS
Initially, we will consider the issue of whether appellant was entitled under the Public Records Act to the names of the witnesses who appeared before the grand jury in connection with appellant's criminal case.
Because the right of access to public records is fundamental, access to public records may be denied only when the law specifically provides against access. La. Const. Art., 12, § 3; La.R.S. 44:1 et seq.; Title Research Corp. v. Rausch, 450 So.2d 933, 936 (La.1984). La. Const. Art. 5, § 34, is pertinent to the issue of whether the law limits access to the names of witnesses who appear before a grand jury. It provides that "[t]he secrecy of the [grand jury] proceedings, including the identity of witnesses, shall be provided by law." In accordance therewith, La.C.Cr.P. art. 434 provides, in pertinent part:
Members of the grand jury, all other persons present at a grand jury meeting, and all persons having confidential access to information concerning grand jury proceedings, shall keep secret the testimony of witnesses and all other matters in the quoted material occurring at, or directly connected with, a meeting of the grand jury.
In Hewitt v. Webster, 118 So.2d 688 (La. App. 2nd Cir.1960), the Second Circuit considered a request made pursuant to the Public Records Act to inspect subpoena returns for witnesses appearing before a grand jury. The Court concluded the requested documents were not public records within the contemplation of the Public Records Act, stating:
The law of secrecy as regards the proceedings of the grand jury includes, as a matter of public policy, the names of the witnesses who appear before the jury. Hewitt, 118 So.2d at 692.
This Court reached a similar conclusion in Fryar v. Guste, 361 So.2d 1300, 1303 (La. App. 1st Cir.1978), affirmed in part, reversed in part on other grounds, 371 So.2d 742 (1979). In Fryar this Court held that the identities and testimony of individuals who gave information while a grand jury investigation was in session were not subject to disclosure under the Public Records Act, and must be kept secret pursuant to La.C.Cr.P. art. 434. Fryar, 361 So.2d at 1303. In affirming this conclusion, the Supreme Court stated it was "clearly correct". Fryar v. Guste, 371 So.2d 742, 745 (La.1979).
Nevertheless, despite the well-established policy regarding the secrecy of grand jury proceedings, disclosure may be permitted in some situations if a party's need for grand jury materials outweighs the need for continued secrecy. State v. Trosclair, 443 So.2d 1098, 1102-03 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984). However, the party seeking disclosure must establish with particularity a "compelling necessity" for the disclosure. "That is, the party seeking disclosure must prove that without access to the grand jury materials the party's case would be `greatly prejudiced' or that an `injustice would be done.'" State v. Trosclair, 443 So.2d at 1103.
In the present case, appellant has not articulated any reason justifying disclosure of the witnesses' names. In fact, appellant has stated no reason for the request, either in his *296 petition, at the hearing held in this matter, or in brief. Because of the policy of protecting the secrecy of the grand jury proceedings, appellant bore the burden of proving with particularity a compelling necessity for breaching the secrecy of the grand jury proceedings. Appellant clearly failed to meet this burden of proof. Therefore, the trial court correctly denied appellant's request for disclosure of the names of the grand jury witnesses.
Appellant also argues on appeal that the trial court erred in refusing to award him damages and actual costs under La.R.S. 44:35 due to the District Attorney's withholding of public records and failure to respond properly to his requests. La.R.S. 44:35, provides, in pertinent part, as follows:
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.
E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
The portion of La.R.S. 44:32 referred to in La.R.S. 44:34E(1) provides:
D. In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within three days ... of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor. (Emphasis added).
We find no merit in appellant's assertions that he was entitled to costs and damages under the terms of these provisions. Contrary to appellant's claims, the District Attorney's response to appellant's request for the witnesses' names was sufficient, since it correctly informed appellant that he was not entitled to the requested information. As an additional reason for denying appellant's request, the letter also stated the District Attorney was not the custodian of the requested records.[3]
Nor is appellant entitled to damages or civil penalties under R.S. 44:35 E(1) due to the District Attorney's failure to respond to his second request regarding the photographs. La.R.S. 44:32D requires written notification of a custodian's determination, with reasons therefor, within three days of receipt of a request for a record only when a question is raised by the custodian as to whether the requested record is public. The provisions of La.R.S. 44:35E authorizing an award of damages and/or penalties for noncompliance with R.S. 44:32D are not applicable when no question has been raised as to the public nature of a record. Elliott v. District Attorney of Baton Rouge, 94-1804, p. 8 n. 7 (La.App. 1st Cir. 9/14/95), 664 So.2d 122, 126, writ denied, 95-2509 (La. 12/15/95), 664 So.2d 440; Foster v. Kemp, 94-1228, p. 7 (La.App. 1st Cir. 6/23/95), 657 So.2d 681, 686. Since no question has been raised herein as to whether the photographs are public, these provisions are not applicable in this case.
Further, a review of the record convinces us the trial court correctly concluded the District Attorney did not act arbitrarily or capriciously in this case. We reach this conclusion, even discounting for the sake of argument Mr. Tosterud's unsworn explanation for his failure to respond to appellant's request, which appellant argues the trial court erred in considering. The fact that the *297 District Attorney earlier had provided appellant with xerox copies of the photographs and never contested their public nature mitigates against a finding that the District Attorney acted arbitrarily or capriciously. Moreover, appellant presented no evidence at the hearing to establish he had sustained any actual damages.
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Despite its caption, the pleading is in substance an application for a writ of mandamus, since it includes an order requesting the District Attorney be ordered to show cause "why he should not be ordered to comply with the Public Record Law under LSA R.S. 44:1 et seq...." The nature of a pleading is determined by its substance and not its caption. La.C.C.P. art. 865; Vaughn v. Slaughter, 94-0552, p. 3 (La.App. 1st Cir. 3/3/95), 653 So.2d 36, 38, writ denied, 95-0828 (La. 5/5/95), 654 So.2d 339.
[2] The record does not contain a copy of the letter from appellant to the District Attorney requesting grand jury materials, although it does include a copy of the District Attorney's response by letter dated November 27, 1994.
[3] In view of our conclusion that the witnesses' names were not public record, we do not reach the issue of who, if anyone, was the official custodian of this information.