799 So.2d 1172 (2001)
John Davis COLQUITT, Plaintiff-Appellant,
v.
DAVID WADE CORRECTIONAL CENTER, Warden Kelly Ward., State of Louisiana, Second Judicial District Court Clerk of Court, Defendants.
No. 35,273-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
*1173 John Davis Colquitt, Pro Se.
Before NORRIS, CARAWAY and DREW, JJ.
CARAWAY, Judge.
Pursuant to Louisiana's Prison Litigation Reform Act, La. R.S. 15:1181, et seq. ("PLRA"), the trial court screened and dismissed this prisoner suit brought by an inmate in the custody of the Department of Public Safety and Corrections ("DPSC"). The plaintiff appealed. We amend the trial court's dismissal as to certain claims made against DPSC to be without prejudice, and as amended, we affirm.

Proceedings in Trial Court
Plaintiff, John Davis Colquitt, a prisoner at David Wade Correctional Center in Claiborne Parish, filed a petition for damages on March 16, 2001. The petition asserts various ambiguous claims against the warden of the prison and other state officials concerning prison conditions and Colquitt's conditions of confinement. Additionally, the petition makes reference to other unidentified pleadings allegedly filed in the Second Judicial District Court and charges that the Claiborne Parish Clerk of Court had not set hearings regarding those prior matters. In conjunction with the petition, plaintiff filed a motion to proceed in forma pauperis.
Without service upon any defendant, the trial court screened the filing of this prisoner suit and dismissed plaintiff's claims pursuant to La. R.S. 15:1188. The trial court also denied plaintiff's request to proceed in forma pauperis finding that he failed to file the application in accordance with the proper procedure despite notices given to him in prior suit proceedings.

*1174 Discussion

The trial court screened the filing of this suit pursuant to the PLRA, which provides, in pertinent part, as follows:
La. R.S. 15:1181(2): "Civil action with respect to prison conditions" or "prisoner suit" means any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison.
La. R.S. 15:1184(B): The court, on its own motion or on the motion of a party, shall dismiss any prisoner suit if the court is satisfied that the action is frivolous, is malicious, fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted. If the court makes a determination to dismiss the suit based on the content, or lack thereof, of the petition, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a petition in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the petition, or any portion of the petition, if the petition is frivolous, is malicious, fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted.
La. R.S. 15:1188: The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a petition in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the petition, or any portion of the petition, if the petition is frivolous, is malicious, fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted.
From our review of the allegations of the petition, we agree with the district court's thorough review of the claims and find that the claims fall under the PLRA as matters concerning prison conditions or the effects of government officials' actions on prisoners' lives. The claims against the clerk of court are clearly frivolous, and as the district court explained, could only concern prior filings by Colquitt in the Second Judicial District Court which have been properly considered by the district court.
Regarding Colquitt's claims against the prison, the warden and/or DPSC, the district court properly screened the claims pursuant to the PLRA and dismissed the claims noting that such claims must be brought under the Corrections Administrative Remedy Procedure Act. La. R.S. 15:1171, et seq. However, as shown by this court's decision in Edmond v. Department of Public Safety, 31,821 (La.App.2d Cir.3/31/99), 732 So.2d 645, writ denied, 99-1264 (La.6/18/99), 745 So.2d 32, cert. denied, 529 U.S. 1087, 120 S.Ct. 1718, 146 L.Ed.2d 641 (2000), the dismissal of such an action should be made without prejudice to any right of plaintiff to institute a claim in the Nineteenth Judicial District Court. Accordingly, the trial court's dismissal of these claims with prejudice will be amended.
Finally, the trial court's refusal to allow plaintiff to proceed in forma pauperis *1175 for failure to properly document his request is affirmed.

Conclusion
For the reasons stated above, we hereby affirm the trial court's dismissal of the plaintiff's claims against David Wade Correctional Center, its warden, and the DPSC, but amend to delete the prejudicial effect assigned by the trial court, and make the judgment one of dismissal without prejudice. The trial court's dismissal with prejudice of all claims against the Claiborne Parish Clerk of Court is affirmed. Costs in this court and in the court below are assessed to the plaintiff.
AFFIRMED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED.