823 So.2d 1146 (2002)
Kevin PETERSON, Plaintiff-Appellant,
v.
Kelly WARD, et al., Defendants-Appellees.
No. 36,370-CA.
Court of Appeal of Louisiana, Second Circuit.
August 16, 2002.
*1147 Kevin Peterson Pro Se.
Before BROWN, CARAWAY and KOSTELKA, JJ.
BROWN, J.
Plaintiff, Kevin Peterson, filed what he styled as a habeas corpus action against certain prison officials. The trial court summarily dismissed with prejudice.[1] We affirm.

Facts
Plaintiff, Kevin Peterson, is currently incarcerated at David Wade Correctional Center ("DWCC") in Claiborne Parish. On January 28, 2002, he filed a petition styled as an application for a writ of habeas corpus in the Second Judicial District Court in Claiborne Parish. Peterson alleged that in September 2001 he was moved from the David Wade facility to Forcht Wade Correctional Center ("FWCC") in Caddo Parish so that he could enter the Phoenix Mental Health Program. Thereafter, he claims that in retaliation for his filing complaints against prison officials he was discharged from the Phoenix Program, transferred back to David Wade Correctional Center and placed in "extended lockdown".[2] Peterson asked the court to order that he be released from lockdown, transferred back to the Forcht Wade facility in Caddo Parish and enrolled in the Phoenix Program.
Peterson included with his petition copies of administrative complaints filed with the Department of Corrections ("DOC") on January 8, 2002, and January 22, 2002, along with letters written in this same time period to DOC employees. As stated, this petition was filed in the district court on January 28, 2002. Peterson did not allege that the complaints filed with DOC had been resolved through its administrative remedy procedures.
*1148 In a written opinion dated February 5, 2002, the trial court stated:
... [T]he court can conclude that the petitioner's claims are subject to the Corrections Administrative Remedy Procedure Act. LSA-R.S. 15:1171-1180 (CARPA) and the Prison Litigation Reform Act, LSA-R.S. 15:1181-1190 (PLRA). Both statutes impose an obligation on the court to review the petition prior to the Clerk of Court's taking any action on the petition. See LSA-R.S. 15:1178 and 15:1188. Both statutes require exhaustion of administrative remedies as a condition precedent to filing suit in district court. See LSA-R.S. 15:1177(A) and 15:1184(A).
. . .
... [T]he court finds that petitioner has made an effort to initiate the administrative remedy procedure. However, considering the dates of the grievances, January 8, 2002 (Ex. A) and January 22, 2002 (Ex. D), and the date this petition was received by the Claiborne Parish Clerk of Court (January 28, 2002), the court finds that there has not been sufficient time for petitioner to exhaust his administrative remedies.
. . .
Petitioner has asserted this claim, that he should be placed at FWCC in the Phoenix Mental Health Program, in a petition asking for the issuance of a writ of habeas corpus.... As his placement is an institutional decision, the proper method for asserting his claim is through the provisions of the CARPA and the PLRA, specifically following the administrative remedies available to petitioner. If petitioner concludes that he has been aggrieved by the actions of the prison officials within the administrative remedy procedures ... he may seek judicial review as provided in LSA-R.S. 15:1177(A), in the Nineteenth Judicial District Court.

Discussion
La.R.S. 15:1171-78, or CARPA, provides that the Department of Public Safety and Corrections and each sheriff may adopt an administrative remedy procedure at each of their correctional institutions for receiving, hearing, and disposing of any and all complaints and grievances by an adult or juvenile offender while the offender is within their custody or under their supervision. La.R.S. 15:1171(A) & (B). The types of complaints and grievances include, but are not limited to, any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law, and by way of illustration includes "actions pertaining to conditions of confinement, personal injuries, medical malpractice, [and] time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies or statutes." Id., paragraph B. (Emphasis added). This administrative remedy procedure is the exclusive remedy available for the offender for complaints and grievances to the extent allowed by federal law. Id. No state court shall entertain an offender's grievance or complaint which falls under CARPA until the offender has exhausted the remedies provided by CARPA. La.R.S. 15:1172(B).
La.R.S. 15:1181-1190, the Prison Litigation Reform Act ("PLRA"), specifically concerns "civil actions with respect to prison conditions" or a "prisoner suit." La. R.S. 15:1181. A civil action with respect to prison conditions or a prison suit is expressly defined as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include *1149 post-conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison." Id. (Emphasis added).
La.R.S. 15:1177 provides that an offender who is aggrieved by an adverse decision in this process may seek judicial review of the decision in the Nineteenth Judicial District Court, or, if the offender is in the physical custody of the sheriff, the district court in the parish in which the sheriff is located. See Colquitt v. David Wade Correctional Center, 35,273 (La.App.2d Cir.10/31/01), 799 So.2d 1172.
Both the CARPA and PLRA authorize a "judicial screening" procedure. La.R.S. 15:1178 and 1188. Under those provisions, a petition for judicial review filed under the provisions of CARPA (La.R.S.15:1177) or a petition in a civil action in which a prisoner seeks redress from a governmental entity or its agents is reviewed by the court to determine whether it states a cognizable claim or cause of action. After this screening process, if the court determines that the petition lacks substantive merit, it may dismiss the petition. The record shows that this was the procedure used in dismissing Peterson's petition.
Unless this is a habeas corpus action, the trial court was correct in screening and dismissing Peterson's petition. Although plaintiffs petition was styled as an application for habeas corpus, the nature of a pleading is determined by its substance and not its caption. La.C.C. P. art. 865; Revere v. Reed, 95-1913 (La.App. 1st Cir.05/10/96), 675 So.2d 292, 297 n. 1. "It is well established that a challenge to the fact or duration of a prisoner's confinement, as opposed to a challenge to the conditions of that confinement, is a proper habeas corpus issue." Williams v. Foti, 86-4124 (E.D.La.09/29/86), 1986 WL 11179, citing Preiser v. Rodriguez, 411 U.S. 475, 498, 93 S.Ct. 1827, 1840, 36 L.Ed.2d 439 (1973).
The heart of habeas corpus is a challenge that seeks immediate or a speedier release from confinement. Peterson alleged that he had been transferred from his former confinement to a new and harsher confinement as retaliation for exercising his rights to file complaints and lawsuits against prison officials.
Peterson is seeking neither an immediate nor a speedier release from confinement. Rather, he alleges unconstitutional treatment while in confinement. He is challenging the conditions of his prison life, not the fact or length of his custody. He has named individual prison officials as defendants alleging that they conspired to deprive him of certain rights. His action is best characterized as a claim typically brought in federal court under Title 42 U.S.C. § 1983 which creates an action for damages and injunctive relief against individuals and governmental bodies that act under color of any statute, ordinance, regulation, custom or usage to deprive a person of any rights, privileges or immunities secure by the Constitution and law.
We agree with the trial court that Peterson's demand to be transferred back to the prison where he was formerly housed and enrolled in its mental health program must first be considered and disposed of through the administrative procedures of the DOC.

Conclusion
For the above assigned reasons, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] The order limited the prejudicial dismissal to this action in the 2nd Judicial District Court but further stated that it would have no such effect on administrative remedy proceedings or in the 19th Judicial District Court.
[2] Although the petition does not explain what "lockdown" is, this term was defined in another case. Lockdown is not solitary confinement, but is the placing of an inmate in a private cell apart from the general prison population. Under prison regulations, an inmate suspected of having violated a prison rule may be placed in administrative lockdown until he is given a hearing. After such a hearing, prison authorities may rule that an inmate should be placed on extended lockdown for his own protection or the protection of others. Thereafter, hearings at certain intervals are held to determine whether the inmate should remain in lockdown. Sanchez v. Hunt, 329 So.2d 691 (La.1976).