836 So.2d 235 (2002)
Kevin PETERSON, Plaintiff-Appellant,
v.
Pam AUSTIN, Defendant-Appellee.
Kevin Peterson, Plaintiff-Appellant,
v.
Sgt. B. Hall, et al, Defendants-Appellees.
Nos. 36,365-CA, 36,582-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 2002.
Kevin Peterson, Pro se.
Richard P. Ieyoub, Attorney General, E. David Gilmer, Alvin R. Washington, Assistant Attorneys General, for Appellees.
Before BROWN, WILLIAMS and STEWART, JJ.
STEWART, J.
Kevin Peterson, an inmate at David Wade Correctional Center ("DWCC"), appeals the dismissal of his suit against Sgt. B. Hall, Pam Austin, and the Louisiana Department of Corrections on the basis of prematurity. Finding no merit in his claims, we affirm the trial court.

FACTS
Kevin Peterson is an inmate at DWCC in Claiborne Parish. In October 2001, Peterson filed suit against DWCC employee Pam Austin ("Austin"), who was a medical *236 nurse, and Sergeant B. Hall ("Hall"), a corrections officer at the Forcht-Wade Correctional Center.
Peterson alleged that Hall retaliated against him because of administrative grievances that he filed against Hall because of "official misconduct." Peterson accused Hall of "refusing to forward his mail ..., denying his access to the courts,... refusing to turn on the television ... and provide Tylenol for his headaches causing him severe emotional distress."
Peterson alleges that Austin improperly denied his request to be seen by a mental health professional and retaliated against him for complaining by accusing him of "malingering." Apparently, Peterson did wish to submit to a medical examination by Austin, but wanted a mental health professional because of his supposed "25 year history of mental illness." Austin filed a complaint against Peterson for rule violations including, belligerence, hostility, insubordination, and malingering which caused him to be brought before the prison disciplinary board and sentenced to ten days of isolation and a loss of canteen privileges for four weeks. Peterson then sought $500,000 in punitive damages and $500,000 in compensatory damages for pain and suffering and "risk of life" caused by his punishment.

DISCUSSION
The Corrections Administrative Remedy Procedure ("CARP") provides certain procedures that offenders must follow when they file administrative complaints. La. R.S. 15:1171 provides the following:
A. The Department of Public Safety and Corrections and each sheriff may adopt an administrative remedy procedure at each of their adult and juvenile institutions, including private prison facilities.
B. The department or sheriff may also adopt, in accordance with the Administrative Procedure Act, administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state, the governor, the department or any officials or employees thereof, the contractor operating a private prison facility or any of its employees, shareholders, directors, officers, or agents, or a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of the department, a contractor operating a private prison facility, or a sheriff. Such complaints and grievances include but are not limited to any and all claims seeking monetary, injunctive, declaratory, or any other form of relief authorized by law and by way of illustration includes actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes. Such administrative procedures, when promulgated, shall provide the exclusive remedy available to the offender for complaints or grievances governed thereby insofar as federal law allows. All such procedures, including the adult and juvenile offender disciplinary process, promulgated and effective prior to June 30, 1989, shall be deemed to be the exclusive remedy for complaints and grievances to which they apply insofar as federal law allows.
* * *
La. R.S. 15:1171.
After the administrative procedures are followed, La. R.S. 15:1177 provides that an offender who is aggrieved by an adverse decision in that process can seek judicial *237 review of the decision within 30 days after receipt of the decision only in the Nineteenth Judicial District Court, unless the adverse decision was for a delictual action for injury or damages. La. R.S. 15:1178 authorizes a "judicial screening" procedure by the trial court as follows:
A. When a clerk of court receives a petition for judicial review filed under the provisions of R.S. 15:1177, the clerk shall transmit the petition to the appropriate division or official of the court prior to taking any action on the petition.
B. The court, as soon as practicable after receiving the petition, shall review the petition to determine if the petition states a cognizable claim or if the petition, on its face, is frivolous or malicious, or fails to state a cause of action, or seeks monetary damages from a defendant who is immune from liability for monetary damages.
C. If the court determines that the petition states a cognizable claim, the court shall return the petition to the clerk of court for service of process.
D. If the court determines that the petition, on its face, is frivolous, or fails to state a cause of action, or seeks monetary damages from a defendant who is immune from liability for monetary damages, the court may dismiss the petition, or any portion of the petition, without requiring the exhaustion of administrative remedies.
Additionally, pursuant to La. R.S. 15:1188, which is a provision of the Prisoner's Litigation Reform Act ("PLRA"), the court may screen the case before docketing to identify "cognizable claims" and may dismiss the petition for the failure "to state a claim upon which relief can be granted" in addition to those remedies listed in La. R.S. 15:1178.
A civil action with respect to prison conditions or a prison suit is expressly defined as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." La. R.S. 15:1181. Although Peterson's petition was styled as a complaint in tort, the nature of a pleading is determined by its substance and not its caption. See La. C.C. P. art. 865; Revere v. Reed, 95-1913 (La.App. 1st Cir.05/10/96), 675 So.2d 292. The nature of the pleadings in this case is similar to the nature of the pleadings in Peterson v. Toffton, 36,372 (La.App.2d Cir.9/18/02), 828 So.2d 160.[1] In that case, Peterson filed suit against DWCC Warden Kelly Ward and against DWCC employees John Tofton and Ray Hanson, and against the Department of Corrections. Peterson sought punitive damages and compensatory damages from the defendants for injuries he allegedly suffered in connection with the disciplinary proceedings that resulted in his being subjected to 10 days in isolation and 30-days forfeiture of good time.
Similarly, in Gibson v. Barnes, (La.App. 1st Cir.1992), 597 So.2d 176, the defendant sought damages in tort against the prison doctor for not authorizing a "light duty" status to limit the defendant's duty. Although the defendant alleged knee pain and mental anguish, the court held that it was "more reasonable to interpret [the *238 defendant's] petition as a complaint that the prison administration failed to honor his request to be released from his work duties," and that the claim was "actually founded on [the defendant's] unhappiness with prison conditions."
In the instant case, Peterson's complaint arises from a dissatisfaction with the policies and disciplinary procedures of the DWCC. Although Peterson alleges that his injury is like the injury in Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713, we disagree. The holding in Pope was directed at the application of CARP to traditional tort actions, actions which are not related to conditions of confinement. The injuries suffered by the inmate in Pope had nothing to do with disciplinary or administrative remedy proceedings, but were caused by an accident which occurred while performing demolition work on a separate correctional facility. In contrast, Peterson's alleged "tort" claims arise directly from the disciplinary and administrative remedy proceedings of the DOC and not from an independent accident.
Peterson's complaint, therefore, seeks a remedy with respect to his conditions of confinement. The unconstitutionality of CARP pronounced in Pope deals only with traditional civil matters such as independent torts, which CARP attempted to divest from the original jurisdiction of district courts. Under the rationale of In the Matter of American Waste & Pollution Control, 588 So.2d 367 (La.1991), a case involving injuries to a prisoner from conditions of discipline or confinement is not a traditional "civil matter" under Article V, § 16 of the 1974 Louisiana Constitution. The 19th Judicial District Court in such a case is not exercising "original jurisdiction" in its review of the DOC, but appellate jurisdiction, which, as also addressed in Article V, § 16, may be provided to the district court by the legislature. Loop, Inc. v. Collector of Revenue, 523 So.2d 201 (La.1987). CARP, which was enacted after the 1974 Louisiana Constitution, like the DEQ legislation at issue in American Waste, is not unconstitutional when applied to injuries from prison confinement. See also Stephanie A. Lottinger, In Re American Waste & Pollution Control Co.: When is an Administrative Appeal Really an Appeal, 1992, 38 Loy. L.Rev. 521.
Peterson's petition and the record reveal that he initially intended to pursue administrative remedies only for issues pertaining to his conditions of confinement and discipline. The provisions of La. R.S. 15:1177(A), therefore, required him to seek judicial review of any adverse administrative remedy decision in the Nineteenth Judicial District Court within 30 days of receipt of the adverse decision. We conclude, therefore, that if Peterson did exhaust his administrative remedies, the proper venue for judicial review of that decision was only in the Nineteenth Judicial District Court. The trial court therefore correctly sustained the defendant's exceptions of prematurity and lack of subject matter jurisdiction.

CONCLUSION
For the foregoing reasons, the judgment of the trial court dismissing the claims of Kevin Peterson is affirmed. Costs are assessed to appellant.
AFFIRMED.
NOTES
[1] We note that the plaintiff has filed at least three suits against Department of Corrections personnel in response to his displeasure with administrative procedures this year. See also, Peterson v. Ward, 36,370 (La.App.2d Cir.8/16/02), 823 So.2d 1146; Peterson v. Toffton, supra. Each appeal has been dismissed. If plaintiff chooses to continue to abuse the remedies available to him under CARP, this court will levy appropriate sanctions to prevent frivolous appeals.