STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

NO. 08-0040

CITY OF PINEVILLE

VERSUS

GREGORY AYMOND

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 226,484
HONORABLE F. RAE SWENT, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and
James T. Genovese, Judges.

**AFFIRMED.**

Mark F. Vilar
Aaron L. Green
Post Office Box 12730
Alexandria, LA 71315-2730
(318) 442-9533
COUNSEL FOR PLAINTIFF/APPELLEE:
        City of Pineville


Gregory Aymond
Attorney at Law
Post Office Drawer 5503
Alexandria, LA 71307
(318) 445-3618
IN PROPER PERSON

**PETERS, J.**

Gregory Aymond appeals the trial court's denial of his request for an award of penalties and attorney fees in connection with his public records request to the City of Pineville, Louisiana (City). For the following reasons, we affirm the trial court judgment in all respects.

## PROCEDURAL HISTORY

This suit arises from two separate public records requests submitted by Mr. Aymond to the City on August 18, 2006 and October 2, 2006. In the requests, Mr. Aymond sought itemized bills for any cellular telephones that the City provides to Richard Dupree[1] as well as any e-mails sent or received by Mr. Dupree on City computers between October 2, 2001 and October 2, 2006.

The August 18, 2006 request sought "[t]he monthly invoices for the year 2006 for any cellular phone in the possession of Rich Dupree and which the charges are paid by the City of Pineville." The October 2, 2006 request expanded Mr. Aymond's cellular telephone records request to include "[a]ny itemized or listing of each individual cell phone calls to Rich Dupree's phone which the City of Pineville has a copy, all city cell phones, detailed description of all calls made or received." With regard to the cellular telephone requests, the City provided the documentation requested on November 29, 2006.

The second request also sought "[a]ll e-mails to or from Rich Dupree for the past five (5) years on any computer at the City of Pineville, or contained in any archives." In making this request, Mr. Aymond inquired whether the e-mails could be downloaded to "computer media storage devices" instead of being provided in printed form. The City responded to this request by correspondence dated October

---

[1]Mr. Dupree had been employed by the City since January of 2001, and served as the City's Chief of Staff since December of 2004.

9, 2006, wherein it requested that Mr. Aymond narrow the scope of the request for e-mails because, as presented, it would include privileged information.

When Mr. Aymond did not narrow the scope of his request, the City filed a petition for declaratory relief[2] seeking a judgment limiting the scope of the public records request and requiring Mr. Aymond to post a cash bond sufficient to cover the City's expenses arising from its compliance with his e-mail request. Mr. Aymond answered the petition and further responded with a reconventional demand[3] wherein he sought an *in camera* review of the requested e-mails by the trial court to determine the public records status of each document, an injunction against the City ordering it to fully comply with his requests, and a judgment awarding him penalties and attorney fees pursuant to La.R.S. 44:35.

On May 24, 2007, the trial court issued a partial judgment[4] which provided the following with regard to the City's obligation to supply Mr. Aymond with the e-mails at issue:

> [O]n or before June 25, 2007, Plaintiff, City of Pineville, shall segregate the email communications requested by the Defendant into two categories: (1) those that require review and comment by the City Attorney; and (2) those that do not require review and comment by the City Attorney. Plaintiff shall then notify the Defendant concerning the number of emails in each category. At that point, the Defendant may request the immediate production of all emails that do not require review and comment by the City Attorney, subject to the cost of copies as provided by law. Alternatively, or in addition thereto, the Defendant may request production of those emails requiring review and comment by the City Attorney, upon which the matter shall be returned to the Court's docket for a determination as to the City's expenses.

---

[2]The City filed its petition on December 14, 2006.

[3]Mr. Aymond filed his answer and reconventional demand on December 21, 2006.

[4]This judgment was rendered after a May 11, 2007 hearing on the petition for declaratory relief.

In the same judgment, the trial court rejected Mr. Aymond's request for penalties and attorney fees, and denied the City's request for a bond for costs.[5]

On August 13, 2007, the trial court certified as appealable its denial of penalties and attorney fees only, and thereafter, Mr. Aymond perfected this appeal. In his one assignment of error, Mr. Aymond asserts that the trial court erred in denying him an award of penalties and attorney fees pursuant to La.R.S. 44:35.

## OPINION

### *Attorney Fee Issue*

Mr. Aymond's attorney fee request is based on La. R.S. 44:35(D), which provides:

> If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.

However, the record reflects that Mr. Aymond is an attorney representing himself in this litigation.

> [R]ecovery of attorney's fees is not available to one who represents himself because he has incurred no out-of-pocket expenses. Attorney's fees are awarded to a successful litigant so that his recovery might not be diminished by the expense of legal representation. To allow an attorney filing suit in proper person to recover attorney's fees when he has not actually incurred their expense gives him a monetary advantage unavailable to anyone hiring counsel.

*Lambert v. Byron*, 94-854, p. 3 (La.App. 3 Cir. 2/8/95), 650 So.2d 1201, 1203.

We find no error in the trial court's denial of attorney fees to Mr. Aymond.

---

[5]With regard to the costs issue, the trial court reserved unto the City the right to re-urge this issue at a later time.

3

***Penalty Issue***

Mr. Aymond asserts on appeal that he is entitled to a penalty award arising from both his cellular telephone record request and his e-mail record request. His claim in both respects arises from La.R.S. 44:35(E)(1), which provides:

> If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it *may* award the requester *civil penalties* not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification. (Emphasis added.)

In this case, Mr. Aymond seeks only a civil penalty award, alleging that the City failed to comply with the notification requirements of La. R.S. 44:32. Because the civil penalty award is not mandatory, as evidenced by the use of the "may" in the statute, the issue is whether the trial court abused its discretion in refusing to award a civil penalty.

The notification requirement found in La. R.S. 44:32 is in Subsection D of that statute. It provides, in pertinent part, as follows:

> In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within three days, exclusive of Saturdays, Sundays, and legal public holidays, of the receipt of the request, in writing for such record, notify in writing the person making such request of his determination and the reasons therefor.

With regard to the cellular telephone records, the record establishes that the City received the August 18, 2006 request on August 21, 2006, received the October 2, 2006 request on October 5, 2006, and provided Mr. Aymond the requested records on November 29, 2006. The City did not assert at any time that the cellular telephone

4

records were not public records. That being the case, the three-day notification requirement of La. R.S. 44:32(D) is not relevant to the cellular telephone records issue. *Revere v. Reed*, 95-1913 (La.App. 1 Cir. 5/10/96), 675 So.2d 292; and *Elliott v. District Attorney of Baton Rouge*, 94-1804 (La.App. 1 Cir. 9/14/95), 664 So.2d 122, *writ denied*, 95-2509 (La. 12/15/96), 664 So.2d 440. Thus, the trial court did not err in refusing to award civil penalties in connection with the cellular telephone records request.

The three-day notification requirement of La. R.S. 44:32(D) does apply to Mr. Aymond's requests concerning the e-mails. Mr. Aymond contends that he is entitled to the civil penalties provided for in La. R.S. 44:35(E) based on the City's failure to notify him within three days of its determination that certain of the requested e-mails were exempt from disclosure. However, the record establishes otherwise.

The City received Mr. Aymond's request on Thursday, October 5, 2006, and responded to that request by correspondence on Monday, October 9, 2006. In the October 9 correspondence to Mr. Aymond, the City stated:

> We ask that you narrow the scope of your request for "All emails to or from Rich Dupree for the past five (5) years on any computer at the City of Pineville, or contained in any archive." *As presented, your request encompasses information that is not subject to disclosure, including but not limited to information subject to attorney-client privilege and medical related information.* Once you have presented a clearly defined scope, we will contact you regarding production of same. (Emphasis added.)

This response met the requirements of La. R.S. 44:32(D) in that the City clearly placed Mr. Aymond on notice that there existed a question concerning whether certain information requested could be considered public records and requested clarification of the request in that regard. Furthermore, this response occurred "within three days, exclusive of Saturdays, Sundays, and legal holidays" of the receipt

5

of Mr. Aymond's request. Therefore, the notification was timely, and the trial court did not err in refusing to award Mr. Aymond the statutory penalties provided in La. R.S. 44:35(E)(1).

## DISPOSITION

We affirm that portion of the trial court's partial judgment of May 24, 2007, denying Gregory Aymond's requests for a judgment against the City of Pineville, Louisiana, awarding him attorney fees and penalties. We assess all costs of this appeal to Gregory Aymond.

**AFFIRMED.**