JOHNSON, C.J.,
additionally concurs and assigns reasons.
|H agree with the majority opinion in its conclusion that the e-mails in question are public records within the meaning of the Louisiana Public Records Act, and should be released to the public, once redacted. A brief discussion of public records law helps us to further understand this issue. E-mail communications are treated in the same manner as paper records under the public records law in Louisiana. See City of Pineville v. Aymond, 2008-0040 (La.App. 3 Cir. 4/30/08), 982 So.2d 292. The Louisiana Attorney General has opined that “e-mails of a purely personal nature received or transmitted by a public employee which have no relation to any function of a public office are not ‘public records’ as described by the Public Records Act.” La. Att’y Gen. Op. No. 10-0272 (April 13, 2011). Jurisprudence in various states across the country is consistent that personal e-mails which are not related to a public official’s work are not subject to the Public Records law. According to the Florida Supreme Court, personal e-mail communications do not fall within the definition of public records subject to disclo *747 sure by virtue of their placement on a government owned computer system. State v. City of Clearwater, 863 So.2d 149, 154 (Fla.2003). Likewise, the | ¡Arizona Supreme Court has held that the state’s inclusion of e-mail in its open records law does not encompass documents of a purely private or personal nature. Instead, “only those documents having a ‘substantial nexus’ with a government agency’s activities qualify as public records.” Griffis v. Pinal Cnty., 215 Ariz. 1, 4, 156 P.3d 418, 421 (2007). Under that analysis, e-mail of a personal nature, such as grocery lists or email messages between family members regarding dinner plans, is not subject to disclosure under the public records law.
It is undisputed that Mr. Gunter’s emails concerned his personal fundraising efforts for candidates involved in the 2010 Jefferson Parish School Board election. E-mails of this nature have no reasonable connection to the business of JEDCO, and would not reasonably be considered public records of JEDCO. Notwithstanding this, the majority opinion correctly reasons that Mr. Gunter’s e-mails were “used to perform a function conducted by order of a public body” in accordance with La.Rev. Stat. Ann. 44:1(A)(2)(a). Namely, the records were used by Jefferson Parish to conduct its governmental audit of JEDCO. As no exception or exemption exists within the Public Records Act to shield the emails from disclosure, the majority opinion then appropriately considers Plaintiffs First Amendment privacy and associational interests, which he argues should prevent the e-mails from being disclosed.
On the contrary, I believe the public’s right to discover what public employees are doing during the workday, in the workplace, using resources procured by public funds, is paramount and trumps Plaintiffs individual interests in this case. While Mr. Shane, a private citizen, may reasonably assert an expectation of privacy in email communications expressing his personal political affiliations, Mr. Gunter, by virtue of his position as a public official, may not. The evidence in the record is clear that Mr. Gunter improperly used his position and public resources to engage in political activity which he had reason to know was | ^prohibited. In fact, Mr. Gun-ter resigned from his post as Executive Director of JEDCO as a result of this unethical conduct. I believe that the redaction ordered by the district court strikes the appropriate balance between Mr. Shane’s privacy and associational interests and the public’s compelling interest in preserving transparent, ethical government dealings.